10-2386-ag
Lin v. Holder

BIA
Vomacka, IJ
A098 997 995

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of May, two thousand twelve.

PRESENT:
        RALPH K. WINTER,
        JOSÉ A. CABRANES,
        ROBERT D. SACK,
            *Circuit Judges*.
_____

YONG LIN,
        *Petitioner*,

        v.                                    10-2386-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL; UNITED STATES
DEPARTMENT OF JUSTICE,
        *Respondents*.
_____

FOR PETITIONER:        WaiSim M. Cheung, New York, New
                       York.

FOR RESPONDENTS:       Tony West, Assistant Attorney
                       General; Terri J. Scadron, Assistant
                       Director; Shahrzad Baghai, Trial
                       Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yong Lin, a native and citizen of the People's Republic of China, seeks review of a May 21, 2010, order of the BIA affirming the July 22, 2008, decision of Immigration Judge ("IJ") Alan A. Vomacka, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Lin* No. A098 997 995 (B.I.A. May 21, 2010), *aff'g* No. A098 997 995 (Immig. Ct. N.Y. City July 22, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably concluded that Lin failed to meet his burden of demonstrating a well-founded fear of future persecution based on his violation of China's family planning policy. The BIA reasonably found that Lin's

2

testimony alone, even if credible, was insufficient to support his claim because he omitted from his asylum application his assertion that officials in China were searching for him and had questioned his wife about his whereabouts. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("[t]he absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."); *Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009). Moreover, as the BIA found, none of Lin's evidence, including letters from his ex-wife and his parents, mentioned that government officials had learned that he had divorced for the purpose of avoiding the family planning rules or that the officials were looking for him. *See Chuilu*, 575 F.3d at 196-97 (providing that corroboration should be provided where "it would reasonably be expected" even where testimony is credible).

To the extent Lin argues that the BIA erred by failing to specify additional evidence he should have provided, the burden rested with him to provide all available corroborating evidence, and he provided no explanation as to why the letters from his wife and parents did not show that

officials were aware of the divorce. *See Chuilu Liu*, 575 F.3d at 198 n.6 (stating that the alien bears the ultimate burden of introducing such evidence without prompting from the IJ). We have held that the agency's designation of missing corroboration need not be done prior to the disposition of an alien's claim. *See Chuilu,* 575 F.3d at 198-99; *see also* 8 U.S.C. § 1158(b)(1)(B)(ii)(REAL ID Act provision codifying the rule that an IJ, weighing the evidence to determine if the alien has met his burden, may rely on the absence of corroborating evidence adduced by an otherwise credible applicant unless such evidence cannot be reasonably obtained). Accordingly, as the BIA concluded, Lin failed to establish a well-founded fear of persecution because he did not sufficiently corroborate his claim that Chinese officials were aware of his "sham" divorce or were searching for him. *See Chuilu*, 575 F.3d at 196-97; *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (providing that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

The agency also reasonably determined that Lin did not establish a well-founded fear of persecution based on his

baptism and practice of Christianity in the United States because Lin testified that he was a relatively new practitioner and evidence in the record indicated that officials primarily targeted spiritual leaders. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities.)*; see also Jian Xing Huang*, 421 F.3d 125 at 128-29. The agency also reasonably determined that Lin had not established a pattern or practice of persecution against Christians in China because the country conditions evidence in the record indicated that enforcement against underground churches varied throughout China and the Chinese government's treatment of members of underground churches constituted harassment rather than persecution. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("[w]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous."); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (holding that harm must be sufficiently severe

5

and rise above "mere harassment"); *see also Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993) ("[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.").

Because Lin failed to establish his eligibility for asylum, he necessarily was unable to meet the higher standard to establish his eligibility for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Lin has not challenged the agency's denial of CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (providing that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk